UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

IAN M. KLEIN,                          )
                                       )
                    Plaintiff,         )        Case No. 2:05-cv-183
                                       )
v.                                     )        HON. GORDON J. QUIST
                                       )
EMMET COUNTY COURT, et al.,            )
                                       )        **OPINION**
                    Defendants.        )
_____)

        This is a civil action filed by a *pro se* plaintiff.  Plaintiff's complaint discloses that

Plaintiff resides in Calumet, Michigan.  The only named defendants are the Emmet County Court

and Public Defender Dan Hartman.  A review of the attachments to Plaintiff's complaint reveal that

he was charged with driving under the influence of a controlled substance (marijuana) and causing

his wife's injuries and his son's death, following a June 24, 2000, automobile accident.  Plaintiff was

found guilty of negligent homicide and was sentenced to eleven months in jail and five years

probation.  Plaintiff appears to be claiming that Defendants did not provide him with an adequate

defense or a fair trial in violation of his constitutional rights.  Plaintiff fails to specify what relief he

is seeking.

        The court has granted Plaintiff leave to proceed *in forma pauperis* in light of his

indigence.  Under the provisions of federal law, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the

court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint

is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2).  An action may be

dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). In applying these standards, the court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the court concludes that Plaintiff's *pro se* action is indisputably meritless.

Plaintiff challenges his state court criminal conviction. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).[1] Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

---

[1]As noted above, Plaintiff is currently on probation as a result of the challenged conviction. Individuals on probation are considered to be "in custody" for purposes of 28 U.S.C. § 2241 and § 2254. *McVeigh v. Smith*, 872 F.3d 725, 727 (6th Cir. 1989).

In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stadler*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.

Plaintiff's complaint will therefore be dismissed for failure to state a claim. On the same grounds, the court determines that any appeal of this decision would be frivolous and brought in bad faith. 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* "if the trial court certifies in writing that the appeal is not in good faith." Where, as here, the party seeking to appeal *in forma pauperis* is not a prisoner, the court must screen the proposed appeal to determine whether it meets the standard of this section. *See Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997). Section 1915(a)(3) establishes an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Wilson v. Todd*, 178 F. Supp. 2d 925, 929 (W.D. Tenn. 2001), *aff'd*, No. 02-5137, 2002 WL 31780202 (6th Cir. Dec. 9, 2002); *Anderson v. Sundquist*, 1 F. Supp. 2d 828, 835 (W.D. Tenn. 1998); *Brown v. Carpenter*, 889 F. Supp. 1028, 1034 (W.D. Tenn. 1995) *Nabkey v. Gibson*, 923 F.

Supp. 117, 122 (W.D. Mich. 1990).  In order to meet the good-faith standard, an appellant must show that the appeal presents a substantial question that is not frivolous.  *Anderson*, 1 F. Supp. 2d at 835; *Ishaaq v. Compton*, 900 F. Supp. 935, 945 (W.D. Tenn. 1995); *Oswald v. Graves*, 819 F. Supp. 680, 685 (E.D. Mich. 1993).  Section 1915(a)(1) requires an affidavit by Plaintiff identifying the "nature" of his/her appeal, including some specificity identifying the basis of the appeal, supporting his/her belief that he/she is a "person entitled to redress." 28 U.S.C. § 1915(a)(1).  This requirement is designed to assist courts in the process of determining whether an appeal is taken in good faith.  *See, e.g., Harlem River Consumers Co-Op, Inc. v. Associated Growers of Harlem, Inc.*, 71 F.R.D. 93, 97 (S.D.N.Y. 1976) (appeal could not be certified as being taken in good faith where plaintiff's submissions failed to specify "what specific questions [were] sufficient to warrant the relief sought in connection with this appeal."); *Dupont v. Souther Pac. Co.*, 231 F. Supp. 601, 602-03 (W.D. La. 1964) ("[A] person desiring to appeal *in forma pauperis* must state in the affidavit the grounds relied upon for his appeal in order that the district court may make the necessary determinations."); *accord Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (denying appellant's motion to proceed *in forma pauperis* in the absence of a "specific statement" regarding the basis for the appeal).  Plaintiff's claims are indisputably meritless and do not meet the standard for an appeal *in forma pauperis.*

A judgment consistent with this opinion will be entered.


Dated:  November 16, 2005                    _____/s/ Gordon J. Quist_____
                                             GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE